UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN LYNAM,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>  Defendant. | Case No.  15-cv-00992-DMR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Defendant Nationstar Mortgage LLC ("Nationstar") moves the court to dismiss Plaintiff Joan Lynam's amended complaint (Docket No. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  [Docket No. 16.]  The court held a hearing on the motion on June 11, 2015.  For the following reasons, as well as the reasons stated at the hearing, Defendant's motion is granted and Plaintiff's amended complaint is dismissed with leave to amend.  At the hearing, the court granted Plaintiff leave to file her second amended complaint by no later than June 25, 2015, and instructed that Plaintiff must plead her best case.[1]

## I. Background

Plaintiff makes the following allegations in her amended complaint, all of which are taken as true solely for purposes of this motion.[2]  In June 2005, Plaintiff refinanced her home, taking out a $359,000 loan secured by a deed of trust on her real property in Fremont, California ("the

---

[1] Plaintiff's operative complaint is captioned "Complaint," but it is actually an amended complaint.  [*See* Docket No. 1 (Complaint).]  The court will refer to it in this opinion as the amended complaint.

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

property"). (Am. Compl. ¶¶ 8, 9; Def.'s Req. for Judicial Notice ("RJN")[3], Ex. 2 (Deed of Trust).) The deed of trust designates Lynam as the trustor and MERS as the beneficiary. MERS assigned the deed of trust to Aurora Loan Services in 2010, which later assigned the deed of trust to Defendant.

In 2013, Plaintiff fell behind in her loan payments. On June 21, 2013, the trustee recorded a notice of default against the property which stated that Plaintiff was approximately $7,500 behind in her payments. Plaintiff contacted her lender to discuss her options and learned that the amount necessary to reinstate her loan was approximately $15,000. Plaintiff alleges that although she eventually would have been able to reinstate her loan, she began applying for a loan modification.

In August 2013, Plaintiff submitted a loan modification application to Defendant. She alleges that shortly thereafter, she "received a response to her loan modification application" and learned that "she had been approved for a modification." (Am. Compl. ¶ 13.) Plaintiff contacted Defendant to accept the loan modification offer, but "was told that Nationstar would supposedly not honor the offer because Plaintiff was not up to date in her mortgage payments." (Am. Compl. ¶ 13.) Plaintiff asked for clarification, but was told that "while she could no longer accept the modification offer, she could submit another loan modification application." (Am. Compl. ¶ 13.) Therefore, in October 2013, Plaintiff submitted a second loan modification application. (Am. Compl. ¶ 13.) Plaintiff alleges that this second application "was complete, as it contained all of the essential information and documentation which Nationstar advised was necessary in August 2013," and which she had provided in August 2013, "when Defendant indicated that Plaintiff's application was complete and thereafter offered Plaintiff a loan modification." (Am. Compl. ¶ 14.)

A trustee's sale of the property was set for October 23, 2014. Having failed to receive a

---

[3] The court grants Defendant's request for judicial notice of Exhibits 2-8, the deed of trust and other documents recorded in connection with the loan, including the notice of default. They are true and correct copies of official public records of the Alameda County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

United States District Court
Northern District of California

1   response to her second loan modification application, Plaintiff contacted Defendant on October 21,

2   2013.  Plaintiff spoke with a female representative, who "acknowledged receipt of Plaintiff's loan

3   modification application but told Plaintiff she was supposedly too late."  (Am. Compl. ¶ 15.)

4   Plaintiff alleges that "[a]s [she] had submitted all of the same information which was necessary to

5   evaluate her application in August 2013, Plaintiff's application . . . was complete and pending

6   within Nationstar's system at the time" the representative confirmed receipt.  (Am. Compl. ¶ 15.)

7   Two days later, Defendant sold Plaintiff's property at auction despite the fact that Plaintiff had

8   submitted "a complete loan modification application" for which Defendant had made no

9   determination.  (Am. Compl. ¶ 16.)

10       Plaintiff filed a complaint on March 3, 2015.  On March 25, 2015, Defendant moved to

11   dismiss the complaint.  Plaintiff subsequently filed an amended complaint on April 15, 2015,

12   alleging three claims: 1) violation of California Civil Code section 2923.6; 2) violation of

13   California Civil Code section 2923.7; and 3) negligence/negligence per se.  Defendant again

14   moves to dismiss.

## II. Legal Standard

16       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

17   the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

18   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

19   of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

20   (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal

21   theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to

22   relief."  *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

23   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

24   2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged

27   must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of

28   a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *Id.* at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr*. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. Discussion

**A.       California Civil Code section 2923.6**

California Civil Code section 2923.6 prohibits certain entities from pursuing a foreclosure sale while a borrower's loan modification application is pending.  This prohibited practice is known as dual tracking.  Under the statute, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."  Cal. Civ. Code § 2923.6(c).  Specifically, "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs: (1) [t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired; (2) [t]he borrower does not accept an offered first lien loan modification within 14 days of the offer; or (3) [t]he borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's

United States District Court
Northern District of California

1   obligations under, the first lien loan modification." Cal. Civ. Code § 2923.6(c). "If the

2   borrower's application for a first lien loan modification is denied, the borrower shall have at least

3   30 days from the date of the written denial to appeal the denial and to provide evidence that the

4   mortgage servicer's determination was in error." Cal. Civ. Code § 2923.6(d).

5        Plaintiff's dual tracking claim is based on her allegation that Defendant sold Plaintiff's

6   property at a trustee's sale, even though she had submitted a "complete loan modification"

7   application in October 2013 prior to the sale. Defendant argues that Plaintiff's section 2923.6

8   claim should be dismissed because she has failed to sufficiently allege that her October 2013

9   application was "complete" within the meaning of the statute.

10        Section 2923.6(h) provides that an application is "deemed 'complete' when a borrower has

11   supplied the mortgage servicer with *all documents required by the mortgage servicer within the*

12   *reasonable timeframes* specified by the mortgage servicer." Cal Civ. Code § 2923.6(h) (emphasis

13   added). Plaintiff alleges her October 2013 application was "complete" because "it contained all of

14   the essential information and documentation which Nationstar advised was necessary in August

15   2013 and which Plaintiff provided [at that time]." (Am. Compl. ¶ 14.) This included "all

16   necessary financial documentation, income verification, and bank statements required to complete

17   her application." (Am. Compl. ¶ 14.) As Plaintiff's counsel readily conceded at the hearing,

18   Plaintiff's allegations are fuzzy. It is unclear whether she merely resubmitted her August 2013

19   application materials, or whether she submitted the same kind of information, updated through

20   October 2013.

21        Plaintiff does not allege any specific facts about what Defendant required her to submit in

22   October 2013, whether she submitted all of the required documents, and whether she did so within

23   Defendant's "reasonable timeframes." *See* Cal. Civ. Code § 2923.6(h). Plaintiff's allegation that

24   a representative "acknowledged receipt" of her application does not support that her application

25   was complete. Without more, Plaintiff has failed to allege facts sufficient to support the inference

26   that she submitted a "complete" loan modification application within the meaning of the statute

27   prior to the October 23, 2013 sale. Accordingly, Plaintiff's section 2923.6 claim is dismissed with

28   leave to amend.

**B.      California Civil Code section 2923.7**

The California legislature has enacted a "single point of contact provision" ("SPOC") in order "to prevent borrowers from being given the run-around." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1151 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904-05, (2013)).  Specifically, Civil Code section 2923.7 provides: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."  Cal. Civ. Code § 2923.7(a).  Among other things, the SPOC must communicate "the process by which a borrower may apply for an available foreclosure prevention alternative" and any associated deadlines; coordinate "receipt of all documents associated with available foreclosure prevention alternatives," including notifying the borrower of any missing documents; and "have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative."  Cal. Civ. Code § 2923.7(b)(1)-(3).  Additionally, the SPOC must have "access to individuals with the ability and authority to stop foreclosure proceedings when necessary."  Cal. Civ. Code § 2923.7(b)(5).

Plaintiff claims that Defendant violated the SPOC requirement.  She alleges upon information and belief that the status of her loan account "warranted a stop to the foreclosure proceedings . . . but that on October 21, 2013, the Nationstar representative either had no access to an individual with the ability to stop foreclosure proceedings on Plaintiff's account or failed to inform the individual of Plaintiff's account status which would warrant the stop of foreclosure proceedings."  (Am. Compl. ¶¶ 31, 32.)  These allegations are insufficient.  First, section 2923.7(b)(5) requires an SPOC to have "access to individuals with the ability and authority to stop foreclosure proceedings *when necessary*."  (emphasis added).  As discussed above, Plaintiff has not sufficiently alleged that a "complete" loan modification application within the meaning of section 2923.6 was pending on October 21, 2013, the date she contacted Defendant.  Therefore, she has not established that a "stop" to foreclosure proceedings was "necessary," since section 2923.6 only prohibits a trustee's sale "while the complete first lien loan modification application is

6

United States District Court
Northern District of California

1  pending." Cal. Civ. Code § 2923.6(c). Put another way, Plaintiff's SPOC claim rests on her

2  assertion that Defendant violated the prohibition on dual tracking because it went forward with the

3  foreclosure sale while her complete modification application was pending. In the absence of a

4  properly-pleaded claim for dual tracking, there can be no corresponding violation of section

5  2923.7(b)(5) here.

6        Additionally, Plaintiff provides no factual support for her conclusory allegation that the

7  representative lacked access or authority to stop the proceedings. Plaintiff alleges that the

8  representative acknowledged receipt of the application but told Plaintiff that she was "too late."

9  (Am. Compl. ¶¶ 15, 31.) It is not clear how this allegation supports Plaintiff's claim that the

10  representative did not have the requisite authority to prevent the foreclosure from moving

11  forward.[4]

12        Plaintiff's section 2923.7 claim is dismissed with leave to amend.

**C.   Negligence/Negligence Per Se**

14        Plaintiff's third cause of action is for negligence based on a negligence per se theory.

15  Plaintiff alleges that Defendant's violations of Civil Code sections 2923.6 and 2923.7 constitute a

16  cause of action for negligence per se. (Am. Compl. ¶¶ 36, 37.)

17        Under California law, "[t]he elements of negligence are: (1) defendant's obligation to

18  conform to a certain standard of conduct for the protection of others against unreasonable risks

19  (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close

20  connection between the defendant's conduct and resulting injuries (proximate cause); and (4)

21  actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry*

22  *v. Sax*, 158 Cal. App. 4th 983, 994 (2008)). Negligence per se is an evidentiary presumption that a

23  party failed to exercise due care if: (1) it violated a statute, ordinance, or regulation of a public

---

[4] Defendant also argues that this claim fails because Plaintiff does not specifically allege that she requested an SPOC, as required by the statute. This argument is unpersuasive. This court has previously held that a borrower need not make a separate, additional request for an SPOC; a request for a foreclosure prevention alternative suffices to trigger the requirements of section 2923.7. *See Mungai v. Wells Fargo Bank*, No. C-14-00289 DMR, 2014 WL 2508090, at *9-10 (N.D. Cal. June 3, 2014) (holding that section 2923.7 does not require a borrower to make separate request for SPOC; collecting cases).

United States District Court
Northern District of California

1  entity; (2) the violation proximately caused death or injury to a person or property; (3) the death or

2  injury resulted from an occurrence of the nature the statute, ordinance, or regulation was designed

3  to prevent; and (4) the person suffering the death or the injury to his or her person or property was

4  one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

5  Cal. Evid. Code § 669.  "[T]he doctrine of negligence per se is not a separate cause of action, but

6  creates an evidentiary presumption that affects the *standard of care* in a cause of action for

7  negligence."  *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 n.2 (2007) (emphasis

8  added).  "[A]n underlying claim of ordinary negligence must be viable before the presumption of

9  negligence of Evidence Code section 669 can be employed."  *Spencer v. DHI Mortg. Co., Ltd.*,

10  642 F.Supp.2d 1153, 1162 (E.D. Cal. 2009) (citing *Cal. Serv. Station & Auto Repair Ass'n v. Am.*

11  *Home Assurance Co.*, 62 Cal.App. 4th 1166, 1178 (1998)).

12         Defendant argues that Plaintiff's negligence claim fails because she has not pleaded facts

13  giving rise to a duty of care.  The court need not reach this question at this time because Plaintiff

14  has failed to adequately allege claims for violations of sections 2923.6 and 2923.7, as discussed

15  above.  Accordingly, she has failed to allege a breach that proximately caused any damages.

16  Therefore, Plaintiff's negligence claim is dismissed with leave to amend.

### IV. Conclusion

18         For the foregoing reasons, Plaintiff's amended complaint is dismissed with leave to amend.

19  Any second amended complaint must be filed by June 25, 2015.  Plaintiff shall plead her best

20  case.

21         **IT IS SO ORDERED.**

22  Dated: June 19, 2015



Donna M. Ryu
United States Magistrate Judge

8