UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN LYNAM,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No. 15-cv-00992-DMR<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

Defendant Nationstar Mortgage LLC ("Nationstar") moves the court to dismiss Plaintiff Joan Lynam's second amended complaint (Docket No. 32) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 34.] The court held a hearing on the motion on August 27, 2015. For the following reasons, Defendant's motion is granted and Plaintiff's second amended complaint is dismissed with prejudice.

**I. Background**

Plaintiff makes the following allegations in her second amended complaint, which the court accepts as true for purposes of this motion.[1] Plaintiff refinanced her home in June 2005, taking out a $359,000 loan secured by a deed of trust on her real property in Fremont, California ("the property"). (2d Am. Compl. ¶¶ 8, 9; Def.'s Req. for Judicial Notice ("RJN")[2], Ex. 2 (Deed

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[2] The court grants Defendant's request for judicial notice of Exhibits 2-8, the deed of trust and other documents recorded in connection with the loan, including the notice of default. They are true and correct copies of official public records of the Alameda County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

of Trust).)  The deed of trust designates Lynam as the trustor and MERS as the beneficiary.  MERS assigned the deed of trust to Aurora Loan Services in 2010, which later assigned the deed of trust to Defendant.  (Deed of Trust; 2d Am. Compl. ¶ 9.)

In 2013, Plaintiff fell behind in her loan payments.  On June 21, 2013, the trustee recorded a notice of default against the property.  (RJN Ex. 6 (Notice of Default).)  Plaintiff contacted her lender to discuss her options and learned that the amount necessary to reinstate her loan was approximately $15,000.  Plaintiff alleges that although she eventually would have been able to reinstate her loan, she began applying for a loan modification.  (2d Am. Compl. ¶ 12.)

In August 2013, Plaintiff submitted a loan modification application to Defendant.  She alleges that shortly thereafter, she received a response that "she had been approved for a modification."  (2d Am. Compl. ¶ 13.)  Plaintiff contacted Defendant to accept the offer, but "was told that Nationstar would supposedly not honor the offer because Plaintiff was not up to date in her mortgage payments."  (Am. Compl. ¶ 13.)  Confused, Plaintiff asked for clarification, but was told that "while she could no longer accept the modification offer, she could submit another loan modification application and could find the application and required documents on Defendant's website."  (2d Am. Compl. ¶ 13.)  Sometime in October 2013, Plaintiff submitted a second loan modification application.  (Am. Compl. ¶ 13.)  Plaintiff alleges that "pursuant to Defendant's own website, Plaintiff was required to submit a complete Request for Mortgage Assistance Form, an IRS 4506T-EZ, her most recent tax return, a benefits letter **or** benefits statement regarding public assistance received by Plaintiff, and two months of proof of receipt of the benefit."  (2d Am. Compl. ¶ 14 (emphasis in original).)  Plaintiff "returned all of the requested documents to Defendant, which were updated as of October 2013, as required."  (2d Am. Compl. ¶ 14.)  Plaintiff alleges that this second application "was complete, as it contained all of the essential information and documentation which Defendant required."  (2d Am. Compl. ¶ 14.)

A trustee's sale of the property was set for October 23, 2013.  Having failed to receive a response to her second loan modification application, Plaintiff contacted Defendant on October 21, 2013.  Plaintiff spoke with a female representative, who "acknowledged receipt of Plaintiff's loan modification application but told Plaintiff she was supposedly too late."  (2d Am. Compl. ¶ 15.)

Plaintiff alleges that "[a]s [she] had submitted all of required documentation, . . . Plaintiff's application was complete and pending within Nationstar's system at the time" the representative confirmed receipt. (2d Am. Compl. ¶ 15.) Two days later, Defendant sold Plaintiff's property at auction despite the fact that Plaintiff had submitted "a complete loan modification application" for which Defendant had made no determination. (2d Am. Compl. ¶ 16.)

On October 30, 2013, Plaintiff received a letter from Defendant stating that it had received all of Plaintiff's application materials and supporting documents "except for (1) a benefits letter, despite the fact that Plaintiff had submitted a benefits statement with her application as required, and (2) a current lease agreement for rental income, despite the fact that Plaintiff did not have rental income as was clearly stated on her Request for Mortgage Assistance Application." (2d Am. Compl. ¶ 18.) Plaintiff alleges that this letter confirmed that her application was complete as of the date of the sale "except for documents which were not required by Defendant and which were inapplicable to Plaintiff." (2d Am. Compl. ¶ 18.)

Plaintiff filed a complaint on March 3, 2015. On March 25, 2015, Defendant moved to dismiss the complaint. Plaintiff subsequently filed an amended complaint on April 15, 2015. [Docket No. 16.] Defendant again moved to dismiss, and on June 19, 2015, the court granted Defendant's motion to dismiss. The court granted Plaintiff leave to amend, instructing Plaintiff to plead her best case. [Docket No. 31.] Plaintiff filed a second amended complaint on June 25, 2015, alleging three claims: 1) violation of California Civil Code section 2923.6; 2) violation of California Civil Code section 2923.7; and 3) negligence/negligence per se.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

1  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
2  2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual
3  content that allows the court to draw the reasonable inference that the defendant is liable for the
4  misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged
5  must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of
6  a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing
7  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.
8  2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.
9  2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *Id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1124.  The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. Discussion

**A.    California Civil Code section 2923.6**

California Civil Code section 2923.6 prohibits certain entities from pursuing a foreclosure sale while a borrower's loan modification application is pending.  This prohibited practice is known as dual tracking. Under the statute, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).

1 Plaintiff's dual tracking claim is based on her allegation that Defendant sold her property at
2 a trustee's sale even though she had submitted a "complete application for a modification" prior to
3 the sale, and Defendants' representative had confirmed its receipt. (2d Am. Compl. ¶ 25.) The
4 court previously granted Defendant's motion to dismiss this claim because Plaintiff failed to allege
5 facts to support the inference that she submitted a "complete" loan modification application within
6 the meaning of the statute. *Lynam v. Nationstar Mortg. LLC*, No. 15-cv-00992-DMR, 2015 WL
7 3863195, at *3 (N.D. Cal. June 19, 2015).

8 Defendant challenges the sufficiency of Plaintiff's pleading once again. Section 2923.6(h)
9 provides that an application is "deemed 'complete' when a borrower has supplied the mortgage
10 servicer with *all documents required by the mortgage servicer within the reasonable timeframes*
11 *specified by the mortgage servicer*." Cal Civ. Code § 2923.6(h) (emphasis added). Plaintiff
12 alleges that her application was complete because she submitted all of the documents listed on
13 Defendant's website before the sale of the property. These facts are insufficient to support the
14 inference that Plaintiff satisfied the statutory definition of a "complete" application, i.e., that she
15 submitted "all documents required by the mortgage servicer." Without more, the court cannot
16 determine whether Defendant's website specified the documents required to *initiate* a loan
17 modification application, or to *complete* the application. Common sense would point toward the
18 former, for the latter would likely be tailored to a particular borrower's circumstances.

19 By arguing that her pleading is sufficient, Plaintiff in essence asks the court to find that any
20 borrower who initiates a loan application by tendering documents listed on a servicer's website
21 has submitted a "complete" application within the meaning of section 2923.6, regardless of
22 whether the information is complete and accurate or whether it triggers the servicer's need for
23 further information specific to the borrower. Such a ruling would ignore the plain requirements of
24 the statute, that a borrower submit "*all documents required by the mortgage servicer*." Notably,
25 Plaintiff's second amended complaint glosses over the additional statutory requirement that the
26 borrower submit the complete application "*within the reasonable timeframes specified by the*
27 *mortgage servicer.*"

28 Plaintiff also admits that she subsequently received notification from Defendant that her

5

application was incomplete. Plaintiff pleads that this letter confirmed that her application actually *was* complete, because it requested documents "which were inapplicable to Plaintiff," including a benefits letter and a current lease agreement. (2d Am. Compl. ¶ 18.) While it may be Plaintiff's position that the requested documents were not applicable to her and thus not "required by the mortgage servicer," and that therefore her application was "complete" upon its submission, the statute dictates that the servicer determines which documents are required, not the borrower. In sum, the court finds that Plaintiff has not sufficiently alleged facts to support the inference that she submitted a "complete" loan modification application within the meaning of the statute prior to the October 23, 2013 sale. Accordingly, Plaintiff's section 2923.6 claim is dismissed.

Plaintiff has already been granted leave once to amend this claim, and the court explicitly instructed Plaintiff to plead her best case. *Lynam*, 2015 WL 3863195, at *1, 5. As Plaintiff has again failed to adequately plead a section 2923.6 claim, this claim is dismissed with prejudice.

### B.   California Civil Code section 2923.7

The California legislature has enacted a "single point of contact provision" ("SPOC") in order "to prevent borrowers from being given the run-around." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1151 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904-05, (2013)). California Civil Code section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). Among other things, the SPOC must communicate "the process by which a borrower may apply for an available foreclosure prevention alternative" and any associated deadlines; coordinate "receipt of all documents associated with available foreclosure prevention alternatives," including notifying the borrower of any missing documents; and "have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(1)-(3). Additionally, the SPOC must have "access to individuals with the ability and authority to stop foreclosure proceedings when necessary." Cal. Civ. Code § 2923.7(b)(5).

Plaintiff claims that Defendant violated the SPOC requirement. She alleges that her loan application was "complete," which "warranted a stop to the foreclosure proceedings . . . but that on October 21, 2013, the Nationstar representative either had no access to an individual with the ability to stop foreclosure proceedings on Plaintiff's account or failed to inform the individual of Plaintiff's account status which would warrant the stop of foreclosure proceedings." (2d Am. Compl. ¶¶ 32, 33.) The court previously dismissed this claim on the grounds that Plaintiff had not sufficiently alleged that a "complete" loan modification was pending as of the date she contacted Defendant, and therefore she had not established that she was entitled to have an SPOC put a halt to the foreclosure proceedings. As with her amended complaint, Plaintiff's amended SPOC claim rests on her assertion that Defendant violated the prohibition on dual tracking because it went forward with the foreclosure sale while her complete modification application was pending. In the absence of a properly-pleaded "complete" application, there can be no corresponding violation of section 2923.7(b)(5). Accordingly, Plaintiff's section 2923.7 claim is also dismissed with prejudice.

C.  **Negligence/Negligence Per Se**

Plaintiff's third cause of action alleges that Defendant's violations of Civil Code sections 2923.6 and 2923.7 give rise to a cause of action for negligence per se. (2d Am. Compl. ¶¶ 37, 38.)

Under California law, "[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008)). Negligence per se is an evidentiary presumption that a party failed to exercise due care if: (1) it violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused death or injury to a person or property; (3) the death or injury resulted from an occurrence of the nature the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669. "[T]he doctrine of negligence per se is not a separate cause of action, but creates an evidentiary presumption that affects the *standard of care* in a cause of action for negligence." *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 n.2 (2007) (emphasis added). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed." *Spencer v. DHI Mortg. Co., Ltd.*, 642 F.Supp.2d 1153, 1162 (E.D. Cal. 2009) (citing *Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal.App. 4th 1166, 1178 (1998)).

As with her amended complaint, since Plaintiff has failed to adequately allege claims for violations of sections 2923.6 and 2923.7, she has failed to allege a breach that proximately caused any damages. Therefore, Plaintiff's negligence claim is dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's second amended complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 17, 2015

---

Donna M. Ryu
United States Magistrate Judge