1

2

3

4                              UNITED STATES DISTRICT COURT

5                           NORTHERN DISTRICT OF CALIFORNIA

6

7    JOAN LYNAM,                                Case No.  15-cv-00992-DMR
                    Plaintiff,
8
          v.                                    **ORDER ON MOTION TO DISMISS
9                                               SECOND AMENDED COMPLAINT**
     NATIONSTAR MORTGAGE LLC,                   Re: Dkt. No. 34
10
                    Defendant.
11

12          Defendant Nationstar Mortgage LLC ("Nationstar") moves the court to dismiss Plaintiff

13   Joan Lynam's second amended complaint (Docket No. 32) pursuant to Federal Rule of Civil

14   Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  [Docket No. 34.]

15   The court held a hearing on the motion on August 27, 2015.  For the following reasons,

16   Defendant's motion is granted and Plaintiff's second amended complaint is dismissed with

17   prejudice.

18                                        **I. Background**

19          Plaintiff makes the following allegations in her second amended complaint, which the

20   court accepts as true for purposes of this motion.[1]  Plaintiff refinanced her home in June 2005,

21   taking out a $359,000 loan secured by a deed of trust on her real property in Fremont, California

22   ("the property").  (2d Am. Compl. ¶¶ 8, 9; Def.'s Req. for Judicial Notice ("RJN")[2], Ex. 2 (Deed

23

---

24   [1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all
25   of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
     (per curiam) (citation omitted).

26   [2] The court grants Defendant's request for judicial notice of Exhibits 2-8, the deed of trust and
27   other documents recorded in connection with the loan, including the notice of default.  They are
     true and correct copies of official public records of the Alameda County Recorder's Office, and
28   their authenticity is capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).

United States District Court
Northern District of California

1    of Trust).)  The deed of trust designates Lynam as the trustor and MERS as the beneficiary.

2    MERS assigned the deed of trust to Aurora Loan Services in 2010, which later assigned the deed

3    of trust to Defendant.  (Deed of Trust; 2d Am. Compl. ¶ 9.)

4         In 2013, Plaintiff fell behind in her loan payments.  On June 21, 2013, the trustee recorded

5    a notice of default against the property.  (RJN Ex. 6 (Notice of Default).)  Plaintiff contacted her

6    lender to discuss her options and learned that the amount necessary to reinstate her loan was

7    approximately $15,000.  Plaintiff alleges that although she eventually would have been able to

8    reinstate her loan, she began applying for a loan modification.  (2d Am. Compl. ¶ 12.)

9         In August 2013, Plaintiff submitted a loan modification application to Defendant.  She

10   alleges that shortly thereafter, she received a response that "she had been approved for a

11   modification." (2d Am. Compl. ¶ 13.)  Plaintiff contacted Defendant to accept the offer, but "was

12   told that Nationstar would supposedly not honor the offer because Plaintiff was not up to date in

13   her mortgage payments." (Am. Compl. ¶ 13.)  Confused, Plaintiff asked for clarification, but was

14   told that "while she could no longer accept the modification offer, she could submit another loan

15   modification application and could find the application and required documents on Defendant's

16   website." (2d Am. Compl. ¶ 13.)  Sometime in October 2013, Plaintiff submitted a second loan

17   modification application.  (Am. Compl. ¶ 13.)  Plaintiff alleges that "pursuant to Defendant's own

18   website, Plaintiff was required to submit a complete Request for Mortgage Assistance Form, an

19   IRS 4506T-EZ, her most recent tax return, a benefits letter **or** benefits statement regarding public

20   assistance received by Plaintiff, and two months of proof of receipt of the benefit." (2d Am.

21   Compl. ¶ 14 (emphasis in original).)  Plaintiff "returned all of the requested documents to

22   Defendant, which were updated as of October 2013, as required." (2d Am. Compl. ¶ 14.)

23   Plaintiff alleges that this second application "was complete, as it contained all of the essential

24   information and documentation which Defendant required." (2d Am. Compl. ¶ 14.)

25        A trustee's sale of the property was set for October 23, 2013.  Having failed to receive a

26   response to her second loan modification application, Plaintiff contacted Defendant on October 21,

27   2013.  Plaintiff spoke with a female representative, who "acknowledged receipt of Plaintiff's loan

28   modification application but told Plaintiff she was supposedly too late." (2d Am. Compl. ¶ 15.)

1    Plaintiff alleges that "[a]s [she] had submitted all of required documentation, . . . Plaintiff's

2    application was complete and pending within Nationstar's system at the time" the representative

3    confirmed receipt. (2d Am. Compl. ¶ 15.) Two days later, Defendant sold Plaintiff's property at

4    auction despite the fact that Plaintiff had submitted "a complete loan modification application" for

5    which Defendant had made no determination. (2d Am. Compl. ¶ 16.)

6         On October 30, 2013, Plaintiff received a letter from Defendant stating that it had received

7    all of Plaintiff's application materials and supporting documents "except for (1) a benefits letter,

8    despite the fact that Plaintiff had submitted a benefits statement with her application as required,

9    and (2) a current lease agreement for rental income, despite the fact that Plaintiff did not have

10   rental income as was clearly stated on her Request for Mortgage Assistance Application." (2d

11   Am. Compl. ¶ 18.) Plaintiff alleges that this letter confirmed that her application was complete as

12   of the date of the sale "except for documents which were not required by Defendant and which

13   were inapplicable to Plaintiff." (2d Am. Compl. ¶ 18.)

14        Plaintiff filed a complaint on March 3, 2015. On March 25, 2015, Defendant moved to

15   dismiss the complaint. Plaintiff subsequently filed an amended complaint on April 15, 2015.

16   [Docket No. 16.] Defendant again moved to dismiss, and on June 19, 2015, the court granted

17   Defendant's motion to dismiss. The court granted Plaintiff leave to amend, instructing Plaintiff to

18   plead her best case. [Docket No. 31.] Plaintiff filed a second amended complaint on June 25,

19   2015, alleging three claims: 1) violation of California Civil Code section 2923.6; 2) violation of

20   California Civil Code section 2923.7; and 3) negligence/negligence per se.

**II. Legal Standard**

22        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

23   the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

24   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

25   of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

26   (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal

27   theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to

28   relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

United States District Court
Northern District of California

3

1   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

2   2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual

3   content that allows the court to draw the reasonable inference that the defendant is liable for the

4   misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged

5   must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of

6   a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing

7   *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.

8   2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.

9   2002).

10         As a general rule, a court may not consider "any material beyond the pleadings" when

11   ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

12   However, "a court may take judicial notice of 'matters of public record,'" *Id*. at 689 (citing *Mack*

13   *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents

14   whose contents are alleged in a complaint and whose authenticity no party questions, but which

15   are not physically attached to the pleading," without converting a motion to dismiss under Rule

16   12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

17   1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1124.  The court need not accept as

18   true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr.*

19   *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

20                                    **III. Discussion**

21   **A.      California Civil Code section 2923.6**

22         California Civil Code section 2923.6 prohibits certain entities from pursuing a foreclosure

23   sale while a borrower's loan modification application is pending.  This prohibited practice is

24   known as dual tracking.  Under the statute, "[i]f a borrower submits a complete application for a

25   first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage

26   servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or

27   notice of sale, or conduct a trustee's sale, while the complete first lien loan modification

28   application is pending." Cal. Civ. Code § 2923.6(c).

United States District Court
Northern District of California

1    Plaintiff's dual tracking claim is based on her allegation that Defendant sold her property at

2   a trustee's sale even though she had submitted a "complete application for a modification" prior to

3   the sale, and Defendants' representative had confirmed its receipt.  (2d Am. Compl. ¶ 25.)  The

4   court previously granted Defendant's motion to dismiss this claim because Plaintiff failed to allege

5   facts to support the inference that she submitted a "complete" loan modification application within

6   the meaning of the statute.  *Lynam v. Nationstar Mortg. LLC*, No. 15-cv-00992-DMR, 2015 WL

7   3863195, at *3 (N.D. Cal. June 19, 2015).

8    Defendant challenges the sufficiency of Plaintiff's pleading once again.  Section 2923.6(h)

9   provides that an application is "deemed 'complete' when a borrower has supplied the mortgage

10   servicer with *all documents required by the mortgage servicer within the reasonable timeframes*

11   *specified by the mortgage servicer*."  Cal Civ. Code § 2923.6(h) (emphasis added).  Plaintiff

12   alleges that her application was complete because she submitted all of the documents listed on

13   Defendant's website before the sale of the property.  These facts are insufficient to support the

14   inference that Plaintiff satisfied the statutory definition of a "complete" application, i.e., that she

15   submitted "all documents required by the mortgage servicer."  Without more, the court cannot

16   determine whether Defendant's website specified the documents required to *initiate* a loan

17   modification application, or to *complete* the application.  Common sense would point toward the

18   former, for the latter would likely be tailored to a particular borrower's circumstances.

19    By arguing that her pleading is sufficient, Plaintiff in essence asks the court to find that any

20   borrower who initiates a loan application by tendering documents listed on a servicer's website

21   has submitted a "complete" application within the meaning of section 2923.6, regardless of

22   whether the information is complete and accurate or whether it triggers the servicer's need for

23   further information specific to the borrower.  Such a ruling would ignore the plain requirements of

24   the statute, that a borrower submit "*all documents required by the mortgage servicer*."  Notably,

25   Plaintiff's second amended complaint glosses over the additional statutory requirement that the

26   borrower submit the complete application "*within the reasonable timeframes specified by the*

27   *mortgage servicer*."

28    Plaintiff also admits that she subsequently received notification from Defendant that her

5

1    application was incomplete.  Plaintiff pleads that this letter confirmed that her application actually

2    *was* complete, because it requested documents "which were inapplicable to Plaintiff," including a

3    benefits letter and a current lease agreement.  (2d Am. Compl. ¶ 18.)  While it may be Plaintiff's

4    position that the requested documents were not applicable to her and thus not "required by the

5    mortgage servicer," and that therefore her application was "complete" upon its submission, the

6    statute dictates that the servicer determines which documents are required, not the borrower.  In

7    sum, the court finds that Plaintiff has not sufficiently alleged facts to support the inference that she

8    submitted a "complete" loan modification application within the meaning of the statute prior to the

9    October 23, 2013 sale.  Accordingly, Plaintiff's section 2923.6 claim is dismissed.

10          Plaintiff has already been granted leave once to amend this claim, and the court explicitly

11    instructed Plaintiff to plead her best case.  *Lynam*, 2015 WL 3863195, at *1, 5.  As Plaintiff has

12    again failed to adequately plead a section 2923.6 claim, this claim is dismissed with prejudice.

13    **B.      California Civil Code section 2923.7**

14          The California legislature has enacted a "single point of contact provision" ("SPOC") in

15    order "to prevent borrowers from being given the run-around."  *Rockridge Trust v. Wells Fargo,*

16    *N.A.*, 985 F. Supp. 2d 1110, 1151 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213

17    Cal. App. 4th 872, 904-05, (2013)).  California Civil Code section 2923.7 provides that "[u]pon

18    request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer

19    shall promptly establish a single point of contact and provide to the borrower one or more direct

20    means of communication with the single point of contact."  Cal. Civ. Code § 2923.7(a).  Among

21    other things, the SPOC must communicate "the process by which a borrower may apply for an

22    available foreclosure prevention alternative" and any associated deadlines; coordinate "receipt of

23    all documents associated with available foreclosure prevention alternatives," including notifying

24    the borrower of any missing documents; and "have access to current information and personnel

25    sufficient to timely, accurately, and adequately inform the borrower of the current status of the

26    foreclosure prevention alternative."  Cal. Civ. Code § 2923.7(b)(1)-(3).  Additionally, the SPOC

27    must have "access to individuals with the ability and authority to stop foreclosure proceedings

28    when necessary."  Cal. Civ. Code § 2923.7(b)(5).

United States District Court
Northern District of California

1    Plaintiff claims that Defendant violated the SPOC requirement.  She alleges that her loan

2    application was "complete," which "warranted a stop to the foreclosure proceedings . . . but that

3    on October 21, 2013, the Nationstar representative either had no access to an individual with the

4    ability to stop foreclosure proceedings on Plaintiff's account or failed to inform the individual of

5    Plaintiff's account status which would warrant the stop of foreclosure proceedings." (2d Am.

6    Compl. ¶¶ 32, 33.)  The court previously dismissed this claim on the grounds that Plaintiff had not

7    sufficiently alleged that a "complete" loan modification was pending as of the date she contacted

8    Defendant, and therefore she had not established that she was entitled to have an SPOC put a halt

9    to the foreclosure proceedings.  As with her amended complaint, Plaintiff's amended SPOC claim

10   rests on her assertion that Defendant violated the prohibition on dual tracking because it went

11   forward with the foreclosure sale while her complete modification application was pending.  In the

12   absence of a properly-pleaded "complete" application, there can be no corresponding violation of

13   section 2923.7(b)(5).  Accordingly, Plaintiff's section 2923.7 claim is also dismissed with

14   prejudice.

15   **C.      Negligence/Negligence Per Se**

16   Plaintiff's third cause of action alleges that Defendant's violations of Civil Code sections

17   2923.6 and 2923.7 give rise to a cause of action for negligence per se. (2d Am. Compl. ¶¶ 37, 38.)

18   Under California law, "[t]he elements of negligence are: (1) defendant's obligation to

19   conform to a certain standard of conduct for the protection of others against unreasonable risks

20   (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close

21   connection between the defendant's conduct and resulting injuries (proximate cause); and (4)

22   actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry*

23   *v. Sax*, 158 Cal. App. 4th 983, 994 (2008)).  Negligence per se is an evidentiary presumption that a

24   party failed to exercise due care if: (1) it violated a statute, ordinance, or regulation of a public

25   entity; (2) the violation proximately caused death or injury to a person or property; (3) the death or

26   injury resulted from an occurrence of the nature the statute, ordinance, or regulation was designed

27   to prevent; and (4) the person suffering the death or the injury to his or her person or property was

28   one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    Cal. Evid. Code § 669.  "[T]he doctrine of negligence per se is not a separate cause of action, but

2    creates an evidentiary presumption that affects the *standard of care* in a cause of action for

3    negligence."  *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 n.2 (2007) (emphasis

4    added).  "[A]n underlying claim of ordinary negligence must be viable before the presumption of

5    negligence of Evidence Code section 669 can be employed."  *Spencer v. DHI Mortg. Co., Ltd.,*

6    642 F.Supp.2d 1153, 1162 (E.D. Cal. 2009) (citing *Cal. Serv. Station & Auto Repair Ass'n v. Am.*

7    *Home Assurance Co.*, 62 Cal.App. 4th 1166, 1178 (1998)).

8        As with her amended complaint, since Plaintiff has failed to adequately allege claims for

9    violations of sections 2923.6 and 2923.7, she has failed to allege a breach that proximately caused

10   any damages.  Therefore, Plaintiff's negligence claim is dismissed with prejudice.

**IV. Conclusion**

12       For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's

13   second amended complaint is dismissed with prejudice.

15       **IT IS SO ORDERED.**

16   Dated: September 17, 2015



_____
Donna M. Ryu
United States Magistrate Judge

8